(December 15, 1967)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD VINCENT CLOW, Appellant.— Order affirmed (*People* v. *Nicholson,* 11 N Y 2d 1067; *People* v. *Tomaselli,* 7 N Y 2d 350). Gibson, P J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

■ In the Matter of the Claim of ROSE M. EDICOLA, Appellant, v. DELLECESE BUILDING INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Claimant appeals from a decision of the Workmen's Compensation Board which denied benefits upon a finding that there was no causal relationship between the decedent's death and his employment. The decedent employee had been treated for a squamous cell carcinoma of the pharynx from 1956 to 1961. On June 14, 1962 while employed as a carpenter, he fell from a ladder injuring his back, was hospitalized and died on August 10, 1962. There was conflicting medical testimony as to the cause of death. The death certificate specified the cause of death to be "squamous cell carcinoma of the larynx with metastases to right shoulder, ribs and lumbar spine". The attending physician and four other doctors, including an impartial internist, testified that the cause of death was squamous cell carcinoma of the larynx with ensuing metastases. As to causal relationship between the fall and the death, four doctors testified that the back injuries suffered as the result of the fall were not contributing factors to his death, while a doctor produced by the claimant testified that death was caused by pulmonary embolism brought on by the prolonged bed rest and traction necessitated by the injuries sustained in the accident. The attending physician did not testify as to causal relationship. The choice between conflicting medical opinions is exclusively within the province of the board and if its decision is supported by substantial evidence, it will be sustained. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529.) Here the board's finding that there was no causal relation between the death and the work performed by the decedent was amply supported by substantial evidence. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in a memorandum by Gabrielli, J.